[Civil No. 572.   Filed April 16, 1898.]
[52 Pac. 1117.]

## F. A. KLEYENSTUBER, Defendant and Appellant, v. JOSEPH M. ROBINSON, Plaintiff and Appellee.

1. IRRIGATION—INJUNCTION—INTERFERENCE WITH DITCH—EVIDENCE—PRIOR APPROPRIATION.—In an action to restrain defendant from interfering with an irrigating ditch, it is error to exclude evidence offered by defendant that, by means of artificial channels, and partly by using natural channels, he had used the water which plaintiff had testified plaintiff had used for five years for eighteen years prior to the commencement of the action for irrigating the lands owned by him.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Owen T. Rouse, Judge. Reversed.

The facts are stated in the opinion.

John McGowan, for Appellant.

Wiley E. Jones, for Appellee.

STREET, C. J.—This action was brought by Joseph M. Robinson, appellee, in the district court of Graham County,

against F. A. Kleyenstuber, appellant, to obtain a perpetual injunction prohibiting the defendant from interfering with a water-ditch. The defendant made a denial of all the allegations of plaintiff's complaint, and the cause proceeded to trial. Judgment was rendered against the defendant, Kleyenstuber, from which judgment he appeals to this court.

We copy at length the bill of exceptions, which is as follows, to wit: "Now, on this 18th day of July, 1896, comes the defendant, and files herein the following, viz.: Bill of Exceptions. On the 27th day of April, 1896, this cause came on regularly to be heard by the court, without a jury. Plaintiff was called as a witness in his own behalf, and used, to illustrate his testimony, a plat, identical in drawing with Defendant's Exhibit I (see Transcript, page 18). Plaintiff offered in evidence Exhibit B (page 14, Trans.). Objected to by defendant as incompetent, irrelevant, and immaterial, not tending to prove any averments of plaintiff's complaint. Objection overruled. Defendant excepts. Plaintiff testified that he had been in possession of the land described in his complaint continuously for five years, and that he had used the water mentioned in said complaint on said land, since June 4, 1895. Plaintiff and another witness testified that, just before the commencement of this action, they saw in said Frey's Creek an obstruction at the point where 'Robinson's Ditch' starts from said creek (Ex. I, Trans., page 18). Defendant offered to prove using Ex. I (Trans. p. 18), that by means of artificial canals, and partly by using the natural channels of said Frey's Creek, he had used the water of said creek for irrigating the lands owned by him, marked 'Kleyenstuber's Ranch,' (Ex. I, Trans. p. 18), for eighteen years prior to the commencement of this action, said water being the same which plaintiff testified he had used for five years. The court declined and refused to hear any of said proof of defendant, to which ruling defendant excepts. The court then held that plaintiff failed to prove any damages. The court forthwith rendered judgment in favor of the plaintiff, and against the defendant, to which judgment the defendant duly excepted, and gave notice of an appeal to the supreme court of Arizona. The foregoing are all of the proceedings had, and substantially all the testimony and evidence adduced at said trial."
The court was clearly in error in refusing to hear the proof

of defendant. The judgment is reversed and the cause remanded to the district court of Graham County for a new trial.

Davis, J., Doan, J., and Sloan, J., concur.